IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DENNIS RYLAN RIZER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 1:18-CV-00607-LY |
| | § | |
| COUNTY OF BASTROP, TEXAS, | § | |
| BASTROP INDEPENDENT SCHOOL | § | |
| DISTRICT, 335TH JUDICIAL | § | |
| DISTRICT, JUDGE REVA TOWSLEE | § | |
| CORBETT, BASTROP COUNTY | § | |
| SHERIFF, ET AL, | § | |
| | § | |
| Defendants. | § | |

## BASTROP INDEPENDENT SCHOOL DISTRICT'S AND SUPERINTENDENT BARRY EDWARDS'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

## INTRODUCTION & SUMMARY OF ARGUMENT

Rizer sued Bastrop Independent School District (BISD) and BISD Superintendent Barry Edwards (Edwards), as well as numerous other entities and individuals, alleging a variety of state and federal claims against all defendants. *See* Dkt. 1. All defendants filed separate, timely motions to dismiss all claims, asserting immunity from suit and failures to establish subject matter jurisdiction in this Court. *See* Dkt. 3, 4, 8, 9, & 10. Specifically, BISD and Edwards filed two motions to dismiss—Motion to Dismiss State Law Claims Against Barry Edwards Pursuant to the Texas Tort Claims Act Election of Remedies and Motion to Dismiss Pursuant to Rule 12(b)(1) and (6). *See* Dkt. 8 & 9. After the Court referred all motions in the case to United States Magistrate Judge Mark Lane, Judge Lane

ordered the Plaintiff to substantively respond to all pending motions to dismiss no later than September 17, 2018. *See* Dkt. 19 & 20. After Plaintiff requested an extension of time, the deadline was extended to October 15, 2018. *See* Dkt. 28. On October 15, 2018, Plaintiff filed his "Response to Bastrop Independent School District's and Superintendent Barry Edwards's Motion to Dismiss Pursuant to Rule 12(B)(1) & (6) [Document #8]." *See* Dkt. 29.

As Plaintiff's response is simply a regurgitation of the same nonsensical attempt at premature discovery requested of the other defendants in this case, Plaintiff fails to dispute any legal authority or argument presented by BISD and Edwards in either motion to dismiss. *See* Dkt. 8, 9, & 29. Because Plaintiff fails to substantively respond, as ordered, to BISD's and Edwards's motions to dismiss, pursuant to Local Rules, both BISD's and Edwards's motions to dismiss are unopposed. Local Rule CV-7(e)(1)-(2).

## ARGUMENT AND AUTHORITIES

BISD and Edwards have presented legal and factual reasons why Plaintiff's lawsuit should be dismissed, including jurisdictional barriers and failure to state a claim on which relief can be granted. *See* Dkt. 8 & 9.

In its first Order, this Court advised Plaintiff that he had "offered no substantive responses to the motions." *See* Dkt. 20. The Court ordered Plaintiff to "respond to all pending motions to dismiss…stating why his claims should not be dismissed for the reasons stated in the motions." *See* Dkt. 20. The Court explained that "failure to comply with this Order will result in the motions being granted as unopposed." *See* Dkt. 20. The

Court further cautioned "that failure to timely or substantively respond to any motion in this case will result it being granted as unopposed." *See* Dkt. 20.

In its second Order, when granting Plaintiff an extension of time, this Court again admonished Plaintiff to "substantively respond to Defendants' motions to dismiss because his response on file was entirely inadequate." *See* Dkt. 28. The Court then advised Plaintiff that "[n]o further extensions of time will be granted" and "[f]uture failure to timely or substantively respond to any motion in this case will result it being granted as unopposed." *See* Dkt. 28.

Plaintiff filed a response to only one of BISD's and Edwards's motions to dismiss. *See* Dkt. 29. In his response, Plaintiff seems to indicate in the title that he is responding to Document No. 8, which is BISD's Rule 12(b)(1) Motion to Dismiss State Law Claims Against Barry Edwards Pursuant to the Texas Tort Claims Act Election of Remedies Provision. *See* Dkt. 8. However, the title to Plaintiff's response also indicates that he is responding to Document No. 9, which is BISD's and Edwards's Motion to Dismiss Pursuant to Rule 12(b)(1) & (6). *See* Dkt. 9. However assessed, as of October 15, 2018, Plaintiff has only "responded" to one of BISD's and Edwards's motions to dismiss.

More significantly, the response filed by Plaintiff is completely inadequate and noncompliant with both of this Court's orders. Plaintiff presents no evidence or legal basis for disputing any positions presented in either of BISD's and Edwards's motions to dismiss. Plaintiff simply filed his third "Conditional Acceptance" in which he "accept[s] the claims" in the motion on the "conditions" that BISD and Edwards "provide [him] with evidence of each of [our] assertions in the Motion" or answer various questions he poses

so that he "might determine whether or not [we] are acting within the law and/or whether or not [his] command is proper and to provide the basis of determining those issues of controversy of law or of fact for further litigation if necessary." *See* Dkt. 29. This Court in its first Order cited this exact language as a basis of how "Plaintiff Rizer has offered no substantive response to the motions." *See* Dkt. 20.

The time for any opposition to BISD's and Edwards's motions to dismiss has now expired. Local Rule CV-7(e)(2). Plaintiff has failed to comply with this Court's Orders to file substantive opposition. *See* Dkt. 20 & 28. Plaintiff has failed to meet his burden to establish the Court's subject matter jurisdiction and plead a claim on which relief can be granted. Because of this failure, and Plaintiff's inability to oppose motions to dismiss which identify those issues specifically, this Court should dismiss the lawsuit as unopposed. Fed. R. Civ. P. 12(b)(1) and (6); Local Rule CV-7(e)(2).

## **PRAYER**

Bastrop Independent School District and Superintendent Barry Edwards request that this Court dismiss all of Rizer's claims against BISD and Edwards with prejudice.

Respectfully submitted,

ROGERS, MORRIS, & GROVER, L.L.P.

CLAY T. GROVER
State Bar No. 08550180
Fed. I.D. No.  15064
cgrover@rmgllp.com
JONATHAN G. BRUSH
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:    713/960-6000
Facsimile:    713/960-6025

ATTORNEYS FOR DEFENDANTS
BASTROP INDEPENDENT SCHOOL
DISTRICT AND BARRY EDWARDS

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. I also certify that I sent a copy of the foregoing *via* United States mail, certified, return receipt requested, and addressed as follows:

Dennis Rylan Rizer
6715 Skynook Drive
Austin, TX 78745
*(via cm/rrr 7018 0680 0002 3337 0534)*

Attorney for Bastrop Independent School District and Barry Edwards

5